4

## CIRCUIT COURT OF BALTIMORE CITY

Filed October 9, 1888.

WM. A. FISHER
VS.
EDWARD LANDSTREET.

*Snowden & Denny* for trustees.

*Thos. Hughes* for Mercantile Trust Company.

*John P. Poe* for Charles Poe.

DENNIS, J.—

Charles Poe was appointed by decree of this Court trustee to make sale of certain property under a mortgage from Edward Landstreet to Wm. A. Fisher. The property sold for a sum largely in excess of the mortgage debt, and this balance was audited to Landstreet, the mortgagor. Subsequently to the sale of the property Messrs. Snowden & Denny were appointed trustees under a deed of trust from the said Landstreet for the benefit of the creditors; and they have filed a petition, asking that the balance of the fund so audited to Landstreet should be paid over to them as such trustees.

The Mercantile Trust Company has also filed its petition as trustee for Mrs. Towner, substituted in place of the said Landstreet, her former trustee, claiming that an equitable appropriation of this fund was made by Landstreet in favor of the said trust estate, and asking that it be paid over to that account. Poe, the trustee, under the mortgage proceedings, claims the right to retain this balance audited to Landstreet by reason of the latter's indebtedness to him in his individual capacity, which indebtedness was incurred long prior to the deed of trust to Snowden and Denny in a sum largely in excess of said balance; and, to appropriate it, as far as it will go, in payment of this debt. I do not think this contention can be sustained. Poe had a right, as a creditor of Landstreet, to have petitioned the Court for an order, transferring to him individually in payment of his debt, the amount he held in hand as trustee which had been audited to Landstreet; but without such order, or an agreement with Landstreet that the money should be thus applied, he could not retain, or set off in payment of his individual debt, money in his hands as trustee. Not having obtained such order and Landstreet never having assented to the appropriation, Poe's standing is only that of a general creditor, with no lien or equitable claim to the fund higher than that of the other creditors who are represented by the trustees under the deed of trust. The facts do not sustain the theory of the petition filed by the Mercantile Trust Company, trustee. The statement in the answer of Landstreet which is relied on as affecting an equitable appropriation of this fund for the benefit of Mrs. Towner's trust estate, was more in the nature of an offer, or proposition on his part, conditioned upon the acceptance of certain terms of settlement proposed by him. It cannot be fairly construed as an absolute appropriation regardless of the terms upon which it was offered. As these terms were rejected, his offer cannot bind him, or his creditors claiming through him under the deed of trust. An order will accordingly be passed distributing the fund to the petitioners, Snowden & Denny, trustees, for the creditors.